IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FORD ISLAND HOUSING, LLC, a Delaware Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>ENERGY BILLING SYSTEMS, INC, YARDI SYSTEMS, INC., DOE PERSONS 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, and DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants.<br>_____<br>ENERGY BILLING SYSTEMS, INC. and YARDI SYSTEMS, INC.,<br><br>    Defendants/<br>    Third-Party<br>    Plaintiffs,<br><br>  vs.<br><br>CHANEY, BROOKS & COMPANY, LLC, CAPSTONE REAL ESTATE SERVICES, INC., PIER MANAGEMENT-HAWAII, LLC., CIRRUS ASSET MANAGEMENT, INC., and DOE THIRD-PARTY DEFENDANTS 1-20,<br><br>    Third-Party<br>    Defendants. | CIVIL NO. 10-00552 DAE-RLP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION OF FORD ISLAND HOUSING, LLC, FOR APPROVAL OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT PETITION OF FORD ISLAND HOUSING, LLC, FOR APPROVAL OF GOOD FAITH SETTLEMENT[1]

Before the Court is Plaintiff Ford Island Housing, LLC's ("Plaintiff") Petition for Approval of Good Faith Settlement, filed on August 12, 2011 ("Petition"). Plaintiff seeks approval of the settlement between Plaintiff, Defendants/Third-Party Plaintiffs Energy Billing Systems, Inc. ("EBS") and Yardi Systems, Inc. ("Yardi") (collectively "Defendants"), and Third-Party Defendants Chaney, Brooks & Company, LLC ("Chaney Brooks"), Capstone Real Estate Services, Inc. ("Capstone"), Pier Management-Hawaii, LLC ("Pier Management"), and Cirrus Asset Management, Inc. ("Cirrus") (collectively "Third-Party Defendants"), pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5.

The Petition states that EBS and Yardi do not oppose the Petition and that all parties to the litigation, including Chaney Brooks, Capstone, Pier Management, and Cirrus, are parties to the settlement agreement. None of the Defendants nor any of the Third-Party Defendants filed an opposition or other response to the Petition. This matter came on for hearing before the

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Court on September 1, 2011 at 1:30 p.m.  Sharon V. Lovejoy, Esq. appeared on behalf of Plaintiff, and John F. Perkin, Esq. appeared on behalf of Defendants.  Based on the following, and after careful consideration of the Petition, the supporting memorandum, declarations, and exhibits attached thereto, and the record established in this action, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Petition be GRANTED.

BACKGROUND

This case arises out of an Electric, Gas & Water Billing Service Contract Read/Bill/Collect between Plaintiff and EBS, dated January 7, 2005 and March 16, 2005 ("Contract").  Pursuant to the Contract, EBS agreed to prepare "appropriate bills for each residential unit" located at the Waterfront at Puuloa, formerly known as Iroquois Point/Puuloa, in the City and County of Honolulu, State of Hawaii (the "Property"), for which Plaintiff owns a leasehold interest.  As part of this duty, EBS was required to collect electricity, gas, and water/sewer consumption information by reading the meters installed by EBS and to calculate the appropriate utility charges for the Property's residents.  The Contract also obligated EBS to repair or replace defective meters.

In or around 2008, Plaintiff began to suspect, and raised a concern with EBS, that EBS had been miscalculating the amount of gas consumption at the Property.  In or around March

2010, Plaintiff's suspicion was confirmed: EBS employed an incorrect formula when converting the gas billing rate for the Property from gallons into cubic feet ("CF") and centrum cubic feet ("CCF").[2] The parties do not dispute that this calculation error resulted in residents being under billed for their propane gas usage at a factor of approximately seven (7) times less than what they should have been billed.

After unsuccessfully attempting to resolve this case without resorting to litigation, on August 26, 2010, Plaintiff filed its Complaint against Defendants. The Complaint asserted four causes of action: Breach of Contract (Count I), Breach of Covenant of Good Faith and Fair Dealing (Count II), Negligent Misrepresentation (Count III), and Indemnification (Count IV).[3]

After filing the Complaint, in or around October 2010, the parties discussed early mediation of this case. However, on October 5, 2010, Defendants filed a Motion to Dismiss, or in the

---

[2] The master propane gas bill sent by Citizens Communications Company, dba The Gas Company, uses gallons to measure propane gas consumed at the Property. The gas meters installed at the residences of the Property by EBS tracks consumption in terms of CFs. EBS billed Property residents for their gas usage using CCFs. Thus, to prepare the gas portion of residents' utility bills as required by the Contract, EBS would read meters in CFs, and convert gallons and CFs into CCFs.

[3] On June 14, 2011, Plaintiff filed a First Amended Complaint, which added allegations that malfunctioning gas meters and software, which were installed, maintained, and repaired by Defendants, contributed to and exacerbated the amount of damages experienced by Plaintiff since 2005.

Alternative, Motion for Summary Judgment and declined to mediate. On February 10, 2011, Defendants withdrew their motion to dismiss, and the parties agreed to mediation. On March 7, 2011 and April 5, 2011, the parties attempted mediation with Keith Hunter, which did not resolve the dispute. The parties also participated in an unsuccessful settlement conference with the Court on April 4, 2011.

On May 11, 2011, Plaintiff and Defendants filed cross-motions for partial summary judgment. Additionally, on the same date, Defendants filed another motion to dismiss.

On June 16, 2011, Defendants filed a Third-Party Complaint seeking contribution and/or indemnification from the current and former property management companies for the Property, Chaney Brooks, Capstone, Pier Management, and Cirrus. The Third-Party Complaint alleged that Third-Party Defendants "failed in their fiduciary and other duties to Plaintiff by failing to monitor and oversee the propane charges to Plaintiff's subtenants." See Third-Party Complaint, ECF No. 125 ¶ 7. On July 11, 2011 and July 18, 2011, Cirrus and Capstone, respectively, filed motions to dismiss the Third-Party Complaint.

This matter is presently set for trial on September 13, 2011. As the parties were completing discovery and preparing for trial, the principals of Plaintiff, EBS, and Yardi reached terms of a settlement in principle, the details of which were finalized

5

and memorialized a confidential settlement agreement.  See Lovejoy Decl. Ex. A (filed under seal).  All parties to the litigation, including Third-Party Defendants, are parties to the settlement agreement.

ANALYSIS

A finding of good faith settlement discharges the settling party of liability for contribution to joint tortfeasors, and reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."  Haw. Rev. Stat. § 663-15.5(a).  A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity.  See Haw. Rev. Stat. § 663-15.5(d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including, but not limited to:

(1) the type of case and difficulty of proof at trial . . .;

(2) the realistic approximation of total damages that the plaintiff seeks;

(3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

(4) the predicted expense of litigation;

(5) the relative degree of fault of the settling tortfeasors;

(6) the amount of consideration paid to settle the claims;

(7) the insurance policy limits and solvency of the joint tortfeasors;

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 102 Hawaiʻi 399, 427, 77 P.3d 83, 111 (2003).

This approach serves the legislature's goals of simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing courts with the opportunity, at their discretion, to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests. Id. However, the statute places the burden of proof on the party challenging the good faith determination to produce evidence of collusion, fraud, dishonesty, or other wrongful conduct. See id.; Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances, including the fact that all parties to the litigation are parties to the settlement agreement, the Court finds that Plaintiff, Defendants, and Third-Party Defendants entered into a settlement in good faith. The Court has reviewed the factors set forth in Troyer v.

7

Adams and the material terms of the settlement agreement and finds that the settlement meets the purpose of HRS § 663-15.5 and is reasonable and in good faith.  Therefore, the Court recommends that the district court grant the Petition.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that the Petition of Ford Island Housing, LLC, for Approval of Good Faith Settlement, filed on August 12, 2011 be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 1, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

FORD ISLAND HOUS., LLC V. ENERGY BILLING SYS., INC.; CIVIL NO. 10-00552 DAE-RLP; FINDINGS AND RECOMMENDATION TO GRANT PETITION OF FORD ISLAND HOUSING, LLC, FOR APPROVAL OF GOOD FAITH SETTLEMENT